ELLIS GEORGE LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@ellisgeorge.com
John C. Harabedian (State Bar No. 275818)
  jharabedian@ellisgeorge.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Additional Counsel on Signature Page*

Attorneys for Plaintiff
DB Communications d/b/a Multiply

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DB COMMUNICATIONS D/B/A MULTIPLY<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>X CORP.<br><br>　　　　Defendant. | Case No. 3:24-cv-04402-RFL<br><br>*The Hon. Rita F. Lin*<br>*United States District Judge*<br><br>**ANSWER TO COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| X CORP,<br><br>　　　　Counter-Claimant,<br><br>　vs.<br><br>DB COMMUNICATIONS LLC D/B/A MULTIPLY,<br><br>　　　　Counter-Defendant. | |

Plaintiff and Counter-defendant DB Communications d/b/a Multiply ("Multiply"), by and through its undersigned counsel, hereby answers each of the numbered paragraphs of Defendant and Counter-claimant X Corp.'s ("Defendant") counterclaims as set forth below. Multiply denies that Counterclaimant's claims have merit and further denies that Counterclaimant is entitled to any form of relief. Except as explicitly admitted herein, each and every allegation of the Counterclaims is denied.

## PRELIMINARY STATEMENT

1. Multiply admits that Defendant purports to bring counterclaims for cancellation of Multiply's trademark registration and a declaration that Defendant does not infringe on Multiply's trademark rights but denies that those counterclaims have any merit.  Multiply also denies that the "X" design mark was originally intended to be a multiplication symbol and denies all allegations using the defined term "Multiply Symbol" to the extent the defined term infers the design was originally intended as a multiplication symbol.

2. Multiply denies the allegations set forth in Paragraph 2 of the Counterclaims.

3. Multiply admits that it was founded in 2000 but otherwise denies the remainder of Paragraph 3 of the Counterclaims.

4. Multiply admits that Daniel Baum filed an intent to use trademark application in 2018 for a stylized symbol "X" but denies the remainder of Paragraph 4 and states that the exhibit referenced speaks for itself.

5. Multiply admits that Daniel Baum filed a trademark application with the USPTO in his own name but denies the remainder of Paragraph 5.

6. Multiply admits that Mr. Baum filed a statement of use with the USPTO in 2019 and admits that Defendant purports to attach the Statement of Use and Specimen and the Registration Certificate but denies the characterization of those exhibits in Paragraph 6 and denies the remainder of Paragraph 6 of the

1 Counterclaims.

2     7.    Multiply denies the allegations set forth in Paragraph 7 of the
3 Counterclaims.

4     8.    Multiply admits that Mr. Baum assigned a trademark registration to
5 Multiply but denies the remainder of Paragraph 8 of the Counterclaims.

6     9.    Multiply denies the allegations set forth in Paragraph 9 of the
7 Counterclaims.

8     10.    Multiply denies the allegations set forth in Paragraph 10 of the
9 Counterclaims.

10     11.    Multiply denies the allegations set forth in Paragraph 11 of the
11 Counterclaims.

12     12.    Multiply denies the allegations set forth in Paragraph 12 of the
13 Counterclaims.

14     13.    Multiply denies the allegations set forth in Paragraph 13 of the
15 Counterclaims.

16     14.    Multiply denies that confusion is unlikely, denies that X Corp. is not
17 infringing on Multiply's rights, and denies the marks at issue are different, mean
18 different things, are used on different services, and target different customers.  As to
19 the remainder of Paragraph 14 of the Counterclaims, Multiply lacks knowledge or
20 information sufficient to form a belief as to the truth of the allegations, and on that
21 basis, denies the allegations.

22     15.    Multiply denies the allegations set forth in Paragraph 15 of the
23 Counterclaims.

24             **The Parties**

25     16.    Multiply admits that Defendant is a Nevada corporation.  Multiply
26 lacks knowledge or information sufficient to form a belief as to the truth of the
27 remainder of the allegations in Paragraph 16 of the Counterclaims, and on that basis,
28 denies the allegations.

17. Multiply admits that it is a Virginia limited liability company but denies the remainder of Paragraph 17 of the Counterclaims.

**Jurisdiction and Venue**

18. Multiply admits it filed suit against Defendant asserting federal and common law trademark infringement and unfair competition, and deceptive trade practices under California law.  The remainder of Paragraph 18 of the Counterclaims contains legal conclusions to which no response is required, however, Multiply nonetheless denies the remainder of the allegations set forth in Paragraph 18 of the Counterclaims.

19. Multiply admits that the Court has subject matter jurisdiction over the claims raised by Defendant.

20. Multiply admits the Court has personal jurisdiction over Multiply.

21. Multiply admits that venue in this judicial district is proper.

**SPECIFIC ALLEGATIONS**

22. Multiply admits the accuracy of Paragraphs 6, 26, and 27 of the Complaint but denies Defendant's characterizations of those allegations in Paragraph 22 of the Counterclaims.

23. Multiply admits that Mr. Baum filed an intent to use trademark application in 2018 for a stylized symbol "X" but denies the remainder of Paragraph 23.

24. Multiply denies the allegations set forth in Paragraph 24 of the Counterclaims.

25. Multiply denies the allegations set forth in Paragraph 25 of the Counterclaims.

26. Multiply denies the allegations set forth in Paragraph 26 of the Counterclaims.

27. Multiply admits that Mr. Baum submitted a statement of use and accompanying specimen with the USPTO but denies the remainder of Paragraph 27

of the Counterclaims.

28. Multiply admits the USPTO granted a registration in Class 35 for the mark that is the subject of this action but denies the remainder of Paragraph 28 of the Counterclaims.

29. Multiply denies the allegations set forth in Paragraph 29 of the Counterclaims.

30. Multiply denies the allegations set forth in Paragraph 30 of the Counterclaims.

31. Multiply admits the accuracy of Paragraph 7 of the Complaint but denies Defendant's characterization of that allegation and denies the remainder of Paragraph 31 of the Counterclaims.

32. Multiply admits that Defendant has cropped, cut, and pasted a portion of a web page hosted by Multiply but denies Defendant's characterization of that web page and denies the remainder of Paragraph 32 of the Counterclaims.

33. Multiply admits that it maintains its own social media pages but denies Defendant's characterization of those social media pages and denies the remainder of Paragraph 33 of the Counterclaims.

34. Multiply admits that it has used the phrases alleged in Paragraph 34 of the Counterclaims and that those phrases have appeared on portions of its website but Multiply denies the remainder of Paragraph 34 of the Counterclaims.

35. Multiply denies the allegations set forth in Paragraph 35 of the Counterclaims.

36. Multiply lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Counterclaims, and on that basis, denies the allegations.

37. Multiply admits that multiplication is a mathematical process but denies the remainder of Paragraph 37 of the Counterclaims.

38. Multiply admits the accuracy of Paragraphs 10 and 88 of the Complaint

but denies Defendant's characterization of those allegations and denies the remainder of Paragraph 38 of the Counterclaims.

39. Multiply denies the allegations set forth in Paragraph 39 of the Counterclaims.

40. Multiply admits that Defendant operates an online social networking platform where users can upload, view and share information, images, photos, audio, video, and entertainment by publishing public posts and private messages and that Defendant allows users to disseminate advertisements and promotions and track their metrics related to that dissemination.  Multiply lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 40 of the Counterclaims, and on that basis, denies the allegations.

41. Multiply lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Counterclaims, and on that basis, denies the allegations.

42. Multiply denies the allegations set forth in Paragraph 42 of the Counterclaims.

43. Multiply denies the allegations set forth in Paragraph 43 of the Counterclaims.

44. Multiply denies the allegations set forth in Paragraph 44 of the Counterclaims.

45. Multiply denies the allegations set forth in Paragraph 45 of the Counterclaims.

46. Multiply denies the allegations set forth in Paragraph 46 of the Counterclaims.

47. Multiply denies the allegations set forth in Paragraph 47 of the Counterclaims.

48. Multiply admits that there are other X-formative marks registered with the USPTO but denies the remainder of Paragraph 48 of the Counterclaims.

1        49.    Multiply denies the allegations set forth in Paragraph 49 of the
2  Counterclaims.
3        50.    Multiply admits that there are other trademarks that incorporate some
4  form of a stylized letter X but denies the remainder of Paragraph 50 of the
5  Counterclaims.
6        51.    Multiply admits that Defendant is attempting to trademark an infringing
7  X mark but lacks knowledge or information sufficient to form a belief as to the truth
8  of the remaining allegations in Paragraph 51 of the Counterclaims, and on that basis,
9  denies the allegations.
10       52.    Multiply admits that Defendant offers services through sales agents, at
11 tradeshows, and at industry events but lacks knowledge or information sufficient to
12 form a belief as to the truth of the remaining allegations in Paragraph 52 of the
13 Counterclaims, and on that basis, denies the allegations.
14       53.    Multiply admits that it maintains on its website that it is not an old
15 school ad agency and that it is an integrated PR and social agency and that it offers a
16 host of capability to its clients but denies the remainder of Paragraph 53 of the
17 Counterclaims.
18       54.    Multiply admits that Defendant provides advertising services to its
19 business customers but lacks knowledge or information sufficient to form a belief as
20 to the truth of the remaining allegations in Paragraph 54 of the Counterclaims, and
21 on that basis, denies the allegations.
22       55.    Multiply admits the accuracy of Paragraph 7 of the Complaint but
23 denies Defendant's characterization of that allegation and denies the remainder of
24 Paragraph 55 of the Counterclaims.
25       56.    Multiply denies the allegations set forth in Paragraph 56 of the
26 Counterclaims.
27       57.    Multiply admits that Twitter rebranded to "X" in 2023, denies that
28 Defendant adopted its "X" mark in good faith, and lacks knowledge or information

1 sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Counterclaims, and on that basis, denies the allegations.

58. Multiply denies the allegations set forth in Paragraph 58 of the Counterclaims.

59. Multiply denies the allegations set forth in Paragraph 59 of the Counterclaims.

## **COUNT I**

60. Multiply re-states and incorporates by reference its prior responses, as set forth above, in response to Paragraph 60 of the Counterclaims, which incorporates by reference all previous allegations of the Counterclaims.

61. Multiply denies the allegations set forth in Paragraph 61 of the Counterclaims.

62. Multiply denies the allegations set forth in Paragraph 62 of the Counterclaims.

63. Multiply denies the allegations set forth in Paragraph 63 of the Counterclaims.

64. Multiply denies the allegations set forth in Paragraph 64 of the Counterclaims.

65. Multiply denies the allegations set forth in Paragraph 65 of the Counterclaims.

66. Multiply denies the allegations set forth in Paragraph 66 of the Counterclaims.

67. Multiply denies the allegations set forth in Paragraph 67 of the Counterclaims.

68. Paragraph 68 of the Counterclaim contains legal conclusions to which no response is required.

69. Multiply denies the allegations set forth in Paragraph 69 of the Counterclaims.

## COUNT II

70. Multiply re-states and incorporates by reference its prior responses, as set forth above, in response to Paragraph 70 of the Counterclaims, which incorporates by reference all previous allegations of the Counterclaims.

71. Multiply admits that "x" is a symbol for multiplication but denies the remainder of Paragraph 71 of the Counterclaims.

72. Multiply denies the allegations set forth in Paragraph 72 of the Counterclaims.

73. Multiply denies the allegations set forth in Paragraph 73 of the Counterclaims.

74. Multiply denies the allegations set forth in Paragraph 74 of the Counterclaims.

75. Paragraph 75 of the Counterclaim contains legal conclusions to which no response is required.

76. Multiply denies the allegations set forth in Paragraph 76 of the Counterclaims.

## COUNT III

77. Multiply re-states and incorporates by reference its prior responses, as set forth above, in response to Paragraph 77 of the Counterclaims, which incorporates by reference all previous allegations of the Counterclaims.

78. Multiply denies the allegations set forth in Paragraph 78 of the Counterclaims.

79. Multiply denies the allegations set forth in Paragraph 79 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Multiply pleads the following affirmative and other defenses. Multiply does not concede that it bears

the burden of proof or persuasion as to any of its defenses. Multiply reserves the right to plead additional defenses in the event that further investigation, through discovery or otherwise, discloses a basis for any such additional defenses.

### FIRST AFFIRMATIVE DEFENSE

80. Defendant's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

81. Defendant's Counterclaims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

82. Defendant's Counterclaims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

83. Defendant's Counterclaims are barred by the doctrines of estoppel and equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

84. Defendant's Counterclaims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

85. Defendant's Counterclaims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

86. Defendants are not entitled to recovery of damages because any award of damages would result in Defendant's unjust enrichment.

### EIGHTH AFFIRMATIVE DEFENSE

87. Defendant's Counterclaims are barred, in whole or in part, because acts or omissions of Multiply were not the legal cause of any damages sustained by Defendant.

### NINTH AFFIRMATIVE DEFENSE

88. Defendant's Counterclaims are barred, in whole or in part, because acts or omissions of Multiply were not the proximate cause of any damages sustained by

Defendant.

## TENTH AFFIRMATIVE DEFENSE

89. Defendant is not entitled to any recovery on its Counterclaims because they failed to take reasonable measures to mitigate any damages they sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

90. Defendant's Counterclaims are barred because Defendant sustained no harm, either due to Multiply or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

91. Defendant's Counterclaims are barred because of Multiply's prior use and registration of its mark.

## THIRTEENTH AFFIRMATIVE DEFENSE

92. Defendant's Counterclaims are barred based on the doctrine of acquiescence.

## RESPONSE TO PRAYER FOR RELIEF

Multiply denies that Defendant is entitled to the relief requested in its Prayer for Relief.

September 20, 2024　　　　　ELLIS GEORGE LLP


By: _____*s/ Keith J. Wesley*_____
Keith J. Wesley
Attorneys for Plaintiff
DB COMMUNICATIONS LLC dba MULTIPLY

ROSS LEVITT LLC
Brandon Levitt
(admitted *pro hac vice*)
1629 K Street NW, Suite 300
Washington, D.C. 20006
Tel.: (202) 810-3833
brandon@rosslevittllc.com


BERLINER CORCORAN & ROWE LLP
Jared Butcher
(admitted *pro hac vice*)
1101 17th Street NW, Suite 1100
Washington, D.C. 20036
Tel.: (202) 293-5555
jbutcher@bcrlaw.com

Attorneys for Plaintiff
DB COMMUNICATIONS LLC dba MULTIPLY

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

September 20, 2024        ELLIS GEORGE LLP


By: _____*s/ Keith J. Wesley*_____
Keith J. Wesley
Attorneys for Plaintiff
DB COMMUNICATIONS LLC dba MULTIPLY